Filed 5/20/13  P. v. Morris CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES HENRY MORRIS,<br><br>    Defendant and Appellant. | B242335<br><br>(Los Angeles County<br>Super. Ct. No. MA055074) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John Murphy, Temporary Judge.  (Cal. Const., art. VI, § 21.)  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Kimberley J. Baker-Guillemet, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## INTRODUCTION

Defendant Charles Morris appeals from a judgment of conviction entered after a jury trial. The jury found defendant guilty of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The trial court found true the allegations defendant suffered four prior convictions for which he served prison terms (Pen. Code, § 667.5, subd. (b)), and that he suffered two prior serious felony convictions (*id.*, §§ 667, subds. (a), (b)-(i), 1170.12).

Defendant was sentenced to state prison for a total term of 10 years. The sentence was composed of three years as the base term, doubled as a second strike pursuant to section 1170.12, subdivisions (a) through (d), of the Penal Code, plus four one-year enhancements pursuant to Penal Code section 667.5, subdivision (b).

On appeal, defendant contends that the trial court erred in admitting evidence of his 2007 conviction for violating section 11350, subdivision (a), of the Health and Safety Code to show intent, pursuant to Evidence Code section 1101, subdivision (b). We disagree and affirm the conviction.

## FACTS

### A. *Prosecution*

On January 6, 2012, at approximately 7:10 p.m., Los Angeles County Sheriff's Department Deputies Uriel Cruz and Lee Warren were on patrol in Lancaster in a marked vehicle. They entered the parking lot of the Shadow Park Inn, an area known for high narcotics and prostitution activity. They saw five men walking, one of whom was defendant. The men appeared surprised as they glanced at the patrol car and resumed walking at a quickened pace.

The deputies got out of their patrol car and ordered the men to stop. Everyone in the group complied with the request except defendant. Defendant continued to walk away from the officers. The deputies ordered defendant to stop five times. Deputy Cruz

2

followed defendant while Deputy Warren remained with the other four men. Defendant's pace increased to "almost a light jog," and Deputy Cruz "thought it was going to be a foot pursuit."

Defendant was carrying an aluminum-colored box, which contained instruments and material for inscribing tattoos. As Deputy Cruz was following defendant, defendant made a left turn so that he was on the other side of some pine trees. Deputy Cruz saw defendant make "a slight tossing motion from his waistband, stomach area" and saw "a little plastic bindle fly off from his general waistband area and land on the ground," approximately two to three feet away from defendant. It appeared to Deputy Cruz that defendant was attempting to block "himself from [the deputy's] view by putting the pine trees directly in between [the deputy] and himself."

Deputy Cruz retrieved the object that defendant had thrown, which was a piece of plastic containing a substance resembling rock cocaine. After advising defendant of his *Miranda*[1] rights, Deputy Cruz questioned defendant regarding the object he had thrown. Defendant responded in a surprised tone, "You saw that?" After showing the object to Deputy Warren, Deputy Cruz booked it into evidence. With regard to the box and its contents, defendant told Deputy Cruz that "it was a tattoo kit that he carried around with him at all times just in case he got a client where he could just do a tattoo real quick and earn some money."

On January 9, 2012, Senior Criminalist Gregory Burke examined the object that Deputy Cruz had recovered from defendant. After conducting two different tests on the substance, he concluded that it contained cocaine in base form and weighed 0.14 grams.

**B.** *Defense*

Darrell Duncan (Duncan) testified that on January 6, 2012, he was arrested at the Shadow Park Inn along with defendant. Duncan had called defendant to meet him in a

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694].

friend's motel room so defendant could give him a tattoo. Duncan had met defendant the day before, when defendant tattooed Duncan's girlfriend.

Defendant started the tattoo process and had completed the outline of the tattoo on Duncan's arm, when Duncan got hungry. Duncan left to go to the store to get food. When he returned, defendant was on his way up to the room. Duncan saw the police in a patrol car. The patrol car pulled up on a group of three to four people who were right behind defendant and Duncan. At the time, Duncan had two plastic bags and an orange container containing a green leafy substance resembling marijuana on his person.

Duncan stated that the police walked towards the group, told them to stop, turn around and walk back to the car. The police flashed a light on defendant's back and told him to come to the car, but defendant continued to walk because "[h]e didn't hear them at first. And then the police officer started walking towards [defendant] real fast."

While he was being detained by Deputy Warren, Duncan could see what was taking place. Defendant stopped in response to the deputy's commands "about five feet away from the car, if that."[2] Duncan did not see defendant toss anything on the ground. Defendant had his tattoo equipment in his hands the entire time.

Duncan stated that in the area near the motel, "it's drugs all over the ground. It's plastic bags. It's a lot of stuff on the ground." To Duncan's knowledge, defendant did not have any drugs, including cocaine, on his person that day.

### C. *Rebuttal*

After Deputy Cruz advised Duncan of his *Miranda* rights, Duncan told the deputy that he was staying at the motel with friends. Duncan did not mention receiving tattoos from defendant. Deputy Cruz recovered marijuana from Duncan, and Duncan told Deputy Cruz that he sold marijuana.

---

[2] Duncan used objects in the courtroom to describe the relative distance defendant walked away from the patrol car. The court approximated that the distance Duncan described was "about 14 feet."

Defendant told Deputy Cruz that he was "just hanging out" with the other individuals in the group that day. Defendant stated he was carrying around the tattoo box "in case he got a client for a tattoo."

## DISCUSSION

Defendant contends the trial court erred in admitting evidence of his 2007 conviction for violating Health and Safety Code section 11350, subdivision (a), possession of a controlled substance, because its prejudicial effect outweighed its probative value. We find no abuse of discretion.

### A. *Procedural Background*

Prior to trial, the People sought to admit one of defendant's prior convictions for possession of a controlled substance. Defendant's counsel argued that the prior conviction evidence was inadmissible to prove similar conduct. During the discussion with the trial court, the court stated that the People had to prove, among other things, "that the defendant knew of the substance's nature or character as a controlled substance." The court conducted an Evidence Code section 352 analysis and ruled that defendant's 2007 conviction would be admitted. The court stated "[t]his is not coming in to show that the defendant has a bad character. It is coming in to show simply intent [pursuant to Evidence Code section 1101, subdivision (b)]. And I'm not going to let the People prove up four of them. Only one of them, that he has a conviction for 11—this very same [Health and Safety] Code section[] 11350, subdivision (a)."

Defense counsel argued that the People had other ways to show that defendant was aware of the illegal nature of the substance, the fact that defendant allegedly "tried to distance himself from [the substance], which would imply knowledge that it's illegal."

The court noted that it was defendant's position that he never threw the substance. The court stated that it would give a limiting instruction to the jury that the prior conviction was not being introduced to show that defendant had a character for

5

possessing illegal drugs and/or cocaine base specifically, but only to show that he was aware that the substance he possessed was illegal.

The jury was instructed with CALCRIM No. 303, limited purpose evidence, as follows: "During the trial, certain evidence was admitted for a limited purpose. You may consider that evidence only for that purpose and for no other. This instruction pertains to the [P]eople's exhibit #3. You are to consider that exhibit for the exclusive purpose of determining if the [P]eople have proved beyond a reasonable doubt that the defendant knew of the substance's nature or character as a controlled substance."

During closing argument, the prosecutor argued to the jury that defendant had known that the substance he possessed was a controlled substance. During part of her argument, the prosecutor displayed a power-point slide that stated "[t]he defendant was convicted of the same offense back in 2007." Defense counsel made a motion for a new trial on the grounds that the prior conviction was wrongfully admitted and the prosecutor committed misconduct in her closing arguments regarding that evidence, in that "that slide, it also says, defendant was convicted of the same — same offense. And then I believe three or four exclamation points after that. There are no exclamation marks in any of the other slides I saw. . . . I think the only inference or insinuation that [the prosecutor] could have been making . . . was the propensity to commit the same crime . . . ." Defense counsel believed the prosecutor's action "just subverted the whole protection" that the trial court was trying to apply.

The court denied the motion, finding that there was no prosecutorial misconduct and the admission of the evidence was proper, especially in light of the fact that the court had given an explicit limiting instruction to the jury regarding evidence.

**B.** *Evidence Code section 1101, subdivision (b)*

Evidence Code section 1101, subdivision (a), prohibits, with specified exceptions, admission of "evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) . . . when offered to prove his or her conduct on a specified occasion."

6

Subdivision (b) of section 1101 provides: "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than his or her disposition to commit such an act."

Evidence of uncharged offenses is admissible and "relevant to prove a material fact other than [the] defendant's criminal disposition, [when] the similarity between the circumstances of the [uncharged offenses] and the charged offenses supports the inference that [the] defendant committed the charged offenses pursuant to the same design or plan [the] defendant used to commit the uncharged misconduct." (*People v. Ewoldt* (1994) 7 Cal.4th 380, 393.) The requisite similarity is "'not merely a similarity in the results, but such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations.'. . . [¶] To establish the existence of a common design or plan, the common features must indicate the existence of a plan rather than a series of similar spontaneous acts, but the plan thus revealed need not be distinctive or unusual." (*Id*. at pp. 402-403; accord, *People v. Balcom* (1994) 7 Cal.4th 414, 423-424.)

The admissibility of evidence of a prior crime or wrong in order to prove a fact such as motive or intent depends on three factors: "(1) the materiality of the fact sought to be proved or disproved; (2) the tendency of the uncharged crime to prove or disprove the material fact; and (3) the existence of any rule or policy requiring the exclusion of relevant evidence." (*People v. Thompson* (1980) 27 Cal.3d 303, 315, italics omitted [disapproved on another ground as stated in *People v. Scott* (2011) 52 Cal.4th 452, 470].)

As noted in *Thompson*, evidence of prior crimes or bad acts of the defendant has a "'highly inflammatory and prejudicial effect' on the trier of fact" and its admissibility "must be 'scrutinized with great care.' '[A] closely reasoned analysis' of the pertinent factors must be undertaken before a determination can be made of its admissibility." (*People v. Thompson*, *supra*, 27 Cal.3d at p. 314, fns. omitted.)

7

The evidence of defendant's 2007 conviction for possession of a controlled substance tended to prove that defendant knew that the substance he possessed was a controlled substance. (*People v. Ewoldt*, *supra*, 7 Cal.4th at pp. 402-403.) The trial court correctly stated before sentencing defendant, "because of the conviction for exactly the same offense, the likelihood is extremely high that the defendant knew of the substance's character as a controlled substance."

Defendant's involvement in the same behavior was evidence that the knowledge element was met. The California Supreme Court's standard requiring the least degree of similarity between the uncharged misconduct and the charged offense to prove knowledge is satisfied because defendant's 2007 conviction for the same offense makes it extremely unlikely that he was not aware that the substance he possessed in the instant case was a controlled substance. (*People v. Ewoldt*, *supra*, 7 Cal.4th at p. 402.) Defendant's prior conviction was relevant to show that he had the requisite knowledge to violate the same code section as charged in the instant case. The court properly admitted the prior conviction.

## C. *Evidence Code section 352*

Even if the evidence of prior bad acts is admissible to prove a fact other than criminal propensity, as permitted by subdivision (b) of Evidence Code section 1101, it may be highly prejudicial. (*People v. Thompson*, *supra*, 27 Cal.3d at p. 318.) And, before it may be admitted, it must be found that its probative value outweighs its prejudicial effect. (*People v. Ewoldt*, *supra*, 7 Cal.4th at p. 404; see Evid. Code, § 352.) Evidence Code section 352 gives the trial court the discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Evidence of other crimes may be "admitted if it '(a) "tends logically, naturally and by reasonable inference" to prove the issue upon which it is offered; (b) is offered upon an issue . . . material to the People's case; and (c) is not merely cumulative with respect to other evidence which the

People may use to prove the same issue.' [Citation.]" (*People v. Guerrero* (1976) 16 Cal.3d 719, 724.)

Admission of evidence pursuant to Evidence Code section 1101, subdivision (b), is confided to the sound discretion of the trial court. (*People v. Linkenauger* (1995) 32 Cal.App.4th 1603, 1609.) Its decision to admit such evidence will not be disturbed on appeal absent an abuse of discretion. (*Id*. at p. 1610; see, e.g., *People v. Ewoldt*, *supra*, 7 Cal.4th at p. 405.) A reviewing court "will disturb a trial court's exercise of discretion under Evidence Code section 352 only if the court's decision exceeds the bounds of reason." (*People v. Funes* (1994) 23 Cal.App.4th 1506, 1519.)

Defendant contends that the trial court erroneously admitted the prior conviction evidence because it was cumulative, and more prejudicial than probative. Defendant relies in part on *People v. Lopez* (2011) 198 Cal.App.4th 698, 715, which states "evidence of uncharged acts cannot be used to prove something that [the] other evidence showed was beyond dispute." In *Lopez*, the court held that the prejudice from the evidence of a prior car burglary and a prior car theft outweighed the probative value of that evidence as to intent, because the charged act of entering a kitchen and taking two purses showed intent, making the prior crimes evidence cumulative. Error in admitting the prior acts evidence required reversal, because the evidence connecting defendant to the charged burglary was minimal and conflicting. (*Id*. at p. 716.)

In *Lopez*, however, the critical issue was identity of the perpetrator; the defense put on evidence that someone other than the defendant committed the crime. (*People v. Lopez*, *supra*, 198 Cal.App.4th at pp. 706-707.) Intent was not an issue; identity was. (*Id*. at p. 715.)

Here, the probative value of the challenged evidence was its tendency to demonstrate defendant's knowledge of the narcotic nature of the substance he possessed, required for a conviction under Health and Safety Code section 11350, and a fact which was in dispute. Not only did defendant deny that he possessed a controlled substance, he denied that he engaged in any furtive acts or suspicious conduct which would indicate consciousness of guilt. Defendant's witness, Duncan, testified that defendant did not

walk at a quickened pace and was not attempting to flee, but simply did not hear the commands from the sheriff's deputies. Defendant's knowledge that he was in possession of a controlled substance would support the prosecution's evidence that defendant was attempting to flee and to get rid of the substance.

As the trial court noted, "[t]he issue was whether the defendant had knowledge of the illegal character of the substance that was thrown. Because the defense position was this isn't my substance, I didn't throw it. So that had to have put a[t] issue something that the People had to prove, which was knowledge."

Moreover, the testimony concerning the prior conviction was not cumulative, was certainly not more inflammatory than the charged offense, did not unduly consume time, and did not confuse the jury. (See *People v. Lopez*, *supra*, 198 Cal.App.4th at p. 715.) Inasmuch as the probative value of the evidence outweighed its prejudicial effect, the trial court did not abuse its discretion in admitting the evidence under Evidence Code section 352. (*People v. Ewoldt*, *supra*, 7 Cal.4th at p. 404.)

In any event, admission of the evidence of defendant's prior conviction was not prejudicial, in that it is not reasonably probable defendant would have been acquitted had the evidence been excluded. (Evid. Code, § 353, subd. (b); *People v. Earp* (1999) 20 Cal.4th 826, 878.)

Deputy Cruz was following defendant, who kept speeding up to get away from him. The deputy saw defendant try to hide from him and make "a slight tossing motion from his waistband, stomach area" and saw "a little plastic bindle fly off from his general waistband area and land on the ground." After Deputy Cruz advised defendant of his *Miranda* rights and questioned defendant regarding the object he had thrown, defendant's response was not that he had not thrown anything or that the object was not his, it was, "You saw that?" This was in effect an admission that defendant had thrown the object.

While defendant did present Duncan as a defense witness, he was not a particularly credible witness. He had drugs in his possession when stopped by the deputies, and his testimony differed both from what he told the deputies at the scene and

10

what defendant told the deputies.  It is not reasonably probable the jury would have believed Duncan absent the evidence of defendant's prior conviction.

**DISPOSITION**

The judgment is affirmed.

JACKSON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

11